**[Cite as *State v. Gill*, 2011-Ohio-5174.]**

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   96150

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PHILLIP GILL

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-531420

**BEFORE:**   E. Gallagher, J., Blackmon, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:**    October 6, 2011

**ATTORNEY FOR APPELLANT**

Michael H. Murphy
20325 Center Ridge Road
Suite 512
Rocky River, Ohio   44116


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Maxwell M. Martin
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113


EILEEN A. GALLAGHER, J.:

{¶ 1}  Phillip Gill appeals from his sentence rendered in the Cuyahoga County Court of Common Pleas.  Gill argues that his trial counsel rendered ineffective assistance and that his sentence of six years was not commensurate with the crime committed.  For the following reasons, we affirm the decision of the trial court.

{¶ 2}  On December 3, 2009, a Cuyahoga County Grand Jury charged Gill with a multi-count indictment alleging that he broke into Rhonda Leftridge's residence and punched her twice, breaking her jaw.  At the time of the assault, Leftridge had a temporary protection order in place,

forbidding Gill from coming within 1,500 feet of her. As a result of Gill's actions, Leftridge had her jaw wired shut for approximately three months. Additionally, while Leftridge received treatment in the hospital, Gill made threatening phone calls to her and her mother.

{¶ 3} The grand jury indicted Gill with one count of felonious assault, one count of domestic violence, one count of kidnapping, one count of burglary, two counts of theft, one count of having a weapon while under disability, two counts of intimidation of a crime victim or witness, and seven counts of violating a protection order. On April 19, 2010, Gill pleaded guilty to felonious assault, domestic violence, burglary, intimidation of a crime victim or witness, and violating a protection order as charged in counts one, two, four, eight, and ten of the indictment, respectively. The remaining counts were nolled. On April 20, 2010, Gill was sentenced to six years imprisonment: six years on counts one and four; five years on counts eight and ten, and six months on count two, all to run concurrently to one another.

{¶ 4} In his first assigned error, Gill argues that his trial counsel rendered ineffective assistance. Specifically, Gill claims his counsel maintained a disinterested attitude, only met with him three times during the pendency of his case and never investigated the case as he requested. Gill further claims that counsel's actions resulted in his guilty plea. We

disagree.

**{¶ 5}** To prevail on a claim of ineffective assistance of counsel upon entry of a guilty plea, a defendant must meet the test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. See *State v. Xie* (1992), 62 Ohio St.3d 521, 524, 584 N.E.2d 715; *State v. Cobb*, Cuyahoga App. No. 76950, 2001-Ohio-4132. The defendant must first show that counsel's performance was deficient. *Strickland*. The defendant must also show that there is a reasonable probability that, "* * * but for counsel's errors, he would not have pleaded guilty * * *." *Strickland*, quoting *Hill v. Lockhart* (1985), 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203.

**{¶ 6}** The defendant bears the burden of proving ineffectiveness of counsel. *State v. McNeill* (1998), 83 Ohio St.3d 438, 451, 700 N.E.2d 596; *Cobb*. The defendant cannot meet his burden by making bare allegations that find no support in the record. *State v. Leek* (July 29, 1999), Cuyahoga App. No. 74338, citing *State v. Stewart* (Nov. 19, 1998), Cuyahoga App. No. 73255; *Cobb*.

**{¶ 7}** Here, Gill failed to satisfy either prong of the *Strickland* test as applied to guilty pleas. According to Gill, his trial counsel maintained a disinterested attitude and only met with him three times during his case. Gill further alleges that his trial counsel failed to investigate his case,

although Gill fails to allege, with any specificity, the type of investigation he sought.

{¶ 8} The record before this Court is utterly devoid of any indication that Gill's trial counsel was deficient in any way. In fact, Gill himself relayed to the court during its Crim.R. 11 plea colloquy, that he was satisfied with his attorney's representation. Tr. 11. Further, Gill has failed to establish, through any evidence in the record, how his allegations outlined above, rise to the level of deficient performance. Lastly, As to Gill's general claim that his attorney failed to investigate his defense, the record proves otherwise. The transcript reveals that trial counsel put forth efforts to investigate Gill's possible defense to the charges. Tr. 7.

{¶ 9} We note that Gill also failed to satisfy the second prong of the *Strickland* test. The record here does not establish a reasonable probability that, but for the action or inaction of trial counsel, the outcome of the plea proceeding would have been different. Considering the sixteen-count indictment as presented, counsel's negotiations resulted in the issuance of a nolle prosequi of eleven charges. The record before us does not show a reasonable probability of a different outcome in the absence of this representation. Accordingly, we overrule Gill's first assignment of error.

{¶ 10} In his second assignment of error, Gill argues that his six year

prison sentence was not commensurate with the crime he committed.  We disagree.

**{¶ 11}** We review felony sentences using the framework announced in *State v. Kalish*, 120 Ohio St.2d 23, 2008-Ohio-4912, 896 N.E.2d 124.  In its plurality opinion, the *Kalish* court declared that in applying *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, to the existing statutes, appellate courts "must apply a two-step approach."  *Kalish* at ¶4.

**{¶ 12}** Appellate courts must first "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law."  Id. at 26, 896 N.E.2d 124.  See, also, R.C. 2953.08(G).  If this first prong is satisfied, then we review the trial court's decision under an abuse of discretion standard.  Id. at ¶4 and ¶19, 896 N.E.2d 124.

**{¶ 13}** In the first step of our analysis, we review whether Gill's sentence is contrary to law as required by R.C. 2953.08(G).  As the *Kalish* court noted, post-*Foster* "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive, or more than the minimum sentence."  Id. at 11, 845 N.E.2d 470, quoting *Foster* at paragraph seven of the syllabus; *State v. Mathis*, 109 Ohio St.3d 54,

2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. The *Kalish* court held that although *Foster* eliminated mandatory judicial fact-finding, it left R.C. 2929.11 and 2929.12 intact. *Kalish* at 13. Therefore, the trial court must still consider those statutes when imposing a sentence. Id., citing *Mathis* at 38.

{¶ 14} R.C. 2929.11(A) provides that:

"[A] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing [:] * * * to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶ 15} R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶ 16} R.C. 2929.11 and 2929.12 are not fact-finding statutes. Instead, they "serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence." *Kalish* at 17. Thus, "[i]n considering these statutes in light of *Foster*, the trial court has full discretion to determine whether the sentence satisfies the overriding purposes of Ohio's sentencing structure." Id.

{¶ 17} In the instant case, Gill does not argue that the court failed to

consider R.C. 2929.11 and 2929.12, when imposing his sentence, instead, he finds fault with the trial court's alleged failure to consider his prior criminal history. Additionally, while making this argument, Gill has failed to establish that a trial court is required to consider a criminal defendant's prior criminal history, on the record, before imposing sentence. The trial court's journal entry reflects that it considered all factors as required by law and found that prison was consistent with R.C. 2929.11. Further, the imposed prison terms on the four felonies to which Gill pleaded guilty were within the statutory range. Since Gill was sentenced within the statutory range and has failed to demonstrate how his sentence violated Ohio's sentencing statutes, we do not find that it was contrary to law.

{¶ 18} We next consider whether the trial court abused its discretion. *Kalish* at ¶4 and ¶19, 896 N.E.2d 124. An "abuse of discretion" is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 19} We find nothing in the record to suggest that the trial court's decision was unreasonable, arbitrary, or unconscionable. As outlined above, a review of the record indicates that the trial court also expressly stated that it had considered all factors of the law and found that prison was consistent

with the purposes and principles of R.C. 2929.11.

{¶ 20} Accordingly, we overrule Gill's second assigned error.

{¶ 21} The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN A. GALLAGHER, JUDGE

PATRICIA A. BLACKMON, P.J., and
JAMES J. SWEENEY, J., CONCUR


## Appendix

**Assignments of Error:**

{¶ 22} "I. **Appellant was not afforded effective assistance of counsel.**"

{¶ 23} "II.   The sentence handed down from the trial court was not commensurate with the crime committed."